UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Pamela V. Smith,
    Claimant

    v.                                  Civil No. 10-cv-366-SM
                                        Opinion No. 2011 DNH 081

Michael J. Astrue, Commissioner,
Social Security Administration,
    Defendant


**O R D E R**


Pursuant to 42 U.S.C. §§ 405(g), claimant, Pamela Smith, moves to reverse the Commissioner's decision denying her application for Social Security Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 423 (the "Act"). The Commissioner objects and moves for an order affirming his decision. For the reasons discussed below, claimant's motion is granted, in part, and the Commissioner's motion is denied.


**Factual Background**

I.  Procedural History.

On March 12, 2008, claimant filed an application for Disability Insurance Benefits, alleging that she had been unable to work since February 12, 2006, due to back pain that radiates

to her hips and right shoulder and neck.  See Administrative Record ("Admin. Rec.") at 137-41.  Her application for benefits was denied, id. at 69-71, and she requested a hearing before an Administrative Law Judge ("ALJ"), id. at 75-76.

On November 4, 2009, claimant, her attorney, and a vocational expert appeared before an ALJ, who considered claimant's application de novo.  Approximately three weeks later, the ALJ issued her written decision, concluding that claimant retained the residual functional capacity to perform the physical and mental demands of a range of sedentary work.  Although claimant's limitations precluded her from performing her past relevant work as a nurse, the ALJ concluded that there was still a significant number of jobs in the national economy that she could perform.  Accordingly, the ALJ determined that claimant was not disabled, as that term is defined in the Act, at any time prior to the date of her decision.  Admin. Rec. at 19.

The Decision Review Board affirmed the ALJ's decision, Admin. Rec. at 4-6, making it the final decision of the Commissioner, subject to judicial review.  Subsequently, claimant filed a timely action in this court, asserting that the ALJ's decision is not supported by substantial evidence and seeking a

judicial determination that she is disabled within the meaning of the Act. Claimant then filed a "Motion for Order Reversing Decision of the Commissioner" (document no. 7). In response, the Commissioner filed a "Motion for Order Affirming the Decision of the Commissioner" (document no. 9). Those motions are pending.

II. Stipulated Facts.

Pursuant to this court's Local Rule 9.1(d), the parties have submitted a statement of stipulated facts which, because it is part of the court's record (document no. 10), need not be recounted in this opinion. Those facts relevant to the disposition of this matter are discussed as appropriate.

**Standard of Review**

I. "Substantial Evidence" and Deferential Review.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Factual findings and credibility determinations made by the Commissioner are conclusive if supported by substantial evidence. See 42 U.S.C. § 405(g). See also Irlanda Ortiz v. Secretary of Health & Human Services, 955

F.2d 765, 769 (1st Cir. 1991) (holding that it is "the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence. Indeed, the resolution of conflicts in the evidence is for the [Commissioner], not the courts"). Consequently, provided the ALJ's findings are properly supported, the court must sustain those findings even when there may also be substantial evidence supporting the contrary position. See, e.g., Tsarelka v. Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir. 1988); Rodriquez v. Secretary of Health & Human Services, 647 F.2d 218, 222 (1st Cir. 1981).

　　　Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). It is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Consolo v. Federal Maritime Comm'n., 383 U.S. 607, 620 (1966). See also Richardson v. Perales, 402 U.S. 389, 401 (1971).

II.  The Parties' Respective Burdens.

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment. See Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of Health & Human Services, 944 F.2d 1, 5 (1st Cir. 1991). To satisfy that burden, the claimant must prove, by a preponderance of the evidence, that her impairment prevents her from performing her former type of work. See Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985); Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982). If the claimant demonstrates an inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform. See Vazquez v. Secretary of Health & Human Services, 683 F.2d 1, 2 (1st Cir. 1982). See also 20 C.F.R. § 404.1512(g).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience. See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 6 (1st Cir. 1982). When determining whether a claimant is disabled, the ALJ is also required to make the following five inquiries:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals a listed impairment;

(4) whether the impairment prevents the claimant from performing past relevant work; and

(5) whether the impairment prevents the claimant from doing any other work.

20 C.F.R. § 404.1520. Ultimately, a claimant is disabled only if her:

> physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her]

>     previous work but cannot, considering [her] age,
>     education, and work experience, engage in any other
>     kind of substantial gainful work which exists in the
>     national economy, regardless of whether such work
>     exists in the immediate area in which [she] lives, or
>     whether a specific job vacancy exists for [her], or
>     whether [she] would be hired if [she] applied for work.

42 U.S.C. § 423(d)(2)(A).

With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm his decision.

**Discussion**

I.   Background - The ALJ's Findings.

In concluding that claimant was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. § 404.1520.  Accordingly, she first determined that claimant had not been engaged in substantial gainful employment since her alleged onset of disability: February 12, 2006.  Admin. Rec. at 14.  Next, she concluded that claimant suffers from the following severe impairments: "degenerative disc disease of the lumbar spine and degenerative disc disease of the cervical spine."  Id. at 15.  Nevertheless, the ALJ determined that those impairments,

regardless of whether they were considered alone or in combination, did not meet or medically equal one of the impairments listed in Part 404, Subpart P, Appendix 1. Admin. Rec. at 15.

Next, the ALJ concluded that claimant retained the residual functional capacity ("RFC") to perform the exertional demands of sedentary work.[1] She noted, however, that claimant can only perform jobs that allow her the "opportunity to stand and stretch for a few minutes every hour," and that involve "only unskilled tasks due to pain and side effects of her medication." Admin. Rec. at 15. In light of those restrictions, the ALJ concluded that claimant was not capable of returning to her prior job as a nurse. Id. at 18.

---

[2] "RFC is what an individual can still do despite his or her functional limitations. RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities. Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis." Social Security Ruling ("SSR"), 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184 at *2 (July 2, 1996) (citation omitted).

Finally, the ALJ considered whether there were any jobs in the national economy that claimant might perform. Relying upon the testimony of a vocational expert, the ALJ concluded that, notwithstanding claimant's exertional and non-exertional limitations, she "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Id. at 19. Consequently, the ALJ concluded that claimant was not "disabled," as that term is defined in the Act, from February 12, 2006, through the date of her decision (November 20, 2009).

II. Claimant's Assertions of Error.

Claimant challenges the ALJ's determination that she was capable of performing a range of sedentary work, asserting that the ALJ failed to properly: (1) account for claimant's depression when determining her RFC; (2) account for claimant's manipulative limitations; (3) evaluate claimant's subjective complaints of disabling pain; and (4) pose a hypothetical question to the vocational expert that incorporated the foregoing (alleged) impairments. As to at least claimant's first point, the court agrees.

    A.   Evaluation of Mental Impairments.

The applicable federal regulations establish a detailed "special technique" for evaluating the severity of mental impairments. 20 C.F.R. § 404.1520a. Initially, the ALJ must determine whether the claimant has a "medically determinable mental impairment." 20 C.F.R. § 404.1520a(b)(1). If the claimant has such an impairment, the next step is to rate the degree of functional limitation resulting from the impairment in four areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). And, finally, the severity of the claimant's mental impairment must be determined and his or her residual functional capacity calculated.

    B.   The ALJ Did Not Address Claimant's Depression.

Here, the ALJ did not follow the "special technique" established in the regulations for assessing the severity of a mental impairment. In fact, in her written decision the ALJ does not mention claimant's depression at all. To be sure, when claimant initially sought benefits, and even when she appeared before the ALJ, neither she nor her attorney unambiguously said that her depression caused (or contributed to) her asserted inability to work. See, e.g., Claimant's Request for

Reconsideration, Admin. Rec. at 72 ("A combination of my physical impairments render me incapable of performing substantial gainful employment.") (emphasis supplied).  It is understandable, then, that the ALJ might have assumed that claimant's depression had no bearing on her alleged inability to work.

    Nevertheless, the record does contain evidence that claimant suffers from a medically determinable mental impairment: she has been diagnosed by a qualified treating source - Dr. John Walsh, a psychologist, as suffering from depression.  Admin. Rec. at 375, 381.  The ALJ was aware of claimant's depression and mental health treatment, since claimant mentioned that she was depressed and linked that depression to her inability to complete tasks in a timely manner.  Id. at 56.  Additionally, claimant's attorney posed a hypothetical question to the vocational expert which involved an individual with "cognitive difficulties" - something the attorney described as causing the individual to need more time to complete tasks.  Id. at 65.  In fact, the ALJ astutely questioned claimant about her mental health at the hearing.  Id. at 57 (in response to the ALJ's questions, claimant stated that she has been receiving treatment from Dr. Walsh since March of 2009).

Given those facts, while it is a close call, the court concludes that the ALJ was obligated to inquire further into claimant's mental health by, for example, asking: (1) whether claimant had been diagnosed with a mental impairment (she had); (2) whether or how that impairment adversely affected her ability to work or perform activities of daily living; and, perhaps most importantly, (3) whether claimant was asserting that her mental impairment caused or contributed to her alleged disability. See generally Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991) (discussing the ALJ's obligation to develop the record and, if it can be done without undue effort, to fill in any "gaps in the evidence necessary to a reasoned evaluation of the claim"). See also 20 C.F.R. § 404.1512(a) ("We will consider only impairment(s) you say you have or about which we receive evidence.") (emphasis supplied).[2]

After inquiring into claimant's depression, the ALJ should have expressly stated whether she found that claimant did suffer

---

[2] That regulation defines "evidence" to include "anything [the claimant] or anyone else submits to us or that we obtain that relates to your claim." 20 C.F.R. 404.1512(b). It includes the claimant's medical history, opinions, and statements about his or her treatment. Here, the Commissioner plainly received evidence that claimant suffers from a medically determinable mental impairment (i.e., depression).

from a "medically determinable mental impairment," 20 C.F.R. § 404.1520a(b)(1), or sought additional evidence on the matter (e.g., an opinion from claimant's treating psychologist, an independent consultative exam, etc.). And, if she concluded that claimant did suffer from such an impairment, the ALJ should have then followed the procedures established in the regulations to "rate the degree of functional limitation resulting from the impairment" in the four broad areas specified in the regulations, assess the severity of claimant's depression, and determine her RFC in light of that impairment.

Given the detailed analysis required when a claimant suffers from a mental impairment, this court cannot simply infer from the ALJ's silence that she concluded that claimant does not suffer from depression. Nor can the court infer that the ALJ's silence implies that she determined that, while claimant does suffer from depression, it is not severe. It is more likely, given the somewhat sparse evidence of depression in the record, that the ALJ thought that no mental impairment claim was being asserted. Remand is appropriate, to permit the ALJ to consider, and discuss her findings and conclusions with regard to claimant's apparent mental impairment. See, e.g., Maldonado v. Sec'y of Health & Human Services, 996 F.2d 1209 (Table), 1993 WL 243350 at *1 (1st

Cir. July 7, 1993) ("There is also uncontradicted evidence, which the ALJ did not address or explain, that the claimant's mental functioning in the critical period was, overall, moderately limited as a result of her mental condition.  Because this evidence, together with claimant's statements, squarely put into issue whether claimant's mental condition prevented her from performing a particular job as she had performed it in the past, the ALJ was not, as the following discussion indicates, free to ignore it.").

## Conclusion

This case presents a close question.  Plainly, claimant and her legal counsel could have done a better job of developing her claim and making clear to the ALJ precisely how she believes her depression causes (or contributes to) her inability to work. And, given the fact that, prior to this appeal, neither claimant nor her (prior) attorney clearly and unambiguously pressed that impairment as a basis for disability, it is difficult to fault or criticize the ALJ for failing to address the issue of claimant's depression.

Nevertheless, because claimant was diagnosed with depression by a qualified treating source, and because she raised her

history of mental health treatment at the hearing and the ALJ had evidence of a mental impairment, and because it is conceivable that claimant's depression is "severe," the procedures set forth in the regulations for assessing mental impairments must be employed.[3]

Accordingly, this matter is remanded, to provide the ALJ with a full opportunity to consider and address claimant's depression and, if she deems appropriate, secure additional professional psychiatric evaluations of claimant. Remand will also afford the ALJ the opportunity to address claimant's assertion that her alleged manipulative limitations substantially erode the relevant occupational base.

For the foregoing reasons, claimant's motion to reverse the decision of the Commissioner (document no. 7) is granted to the extent she seeks a remand for further proceedings. The Commissioner's motion to affirm his decision (document no. 9) is

---

[3] Parenthetically, the court notes that because claimant adequately - though barely so - raised the issue of her mental health at the hearing, and because her testimony on that point is supported by the record, she did not waive the claim that she is disabled by reason of her mental impairment. See generally Mills v. Apfel, 244 F.3d 1, 8 (1st Cir. 2001) (suggesting that a claimant waives - or perhaps forfeits - an issue/claim if she does not adequately present it to the ALJ).

denied. Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is hereby remanded to the ALJ for further proceedings consistent with this order. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

May 20, 2011

cc: Raymond J. Kelly, Esq.
 Robert J. Rabuck, Esq.